IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Lavar VanDerHorst, | C/A No. 0:09-706-SB-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION FOR PARTIAL SUMMARY DISMISSAL** |
| State of South Carolina;<br>City of Georgetown;<br>Georgetown County;<br>Georgetown Police Department;<br>Matthew Hoffer, a Georgetown police officer;<br>Gerald Sheperd Bone, a Georgetown police officer;<br>Scott Scogins, a Georgetown police officer;<br>NFN Church, Sgt., a Georgetown police officer;<br>Aaron Lynn, a Georgetown police officer;<br>Blair Cribb, a Georgetown police officer;<br>Willie Tisdale, a Georgetown police officer;<br>NFN Kufen, Investigator with the Georgetown Police Department;<br>Robert H. O'Donnell, Georgetown Municipal Judge;<br>Alma Y. White, Clerk of Court;<br>Walter C. Castro, Public Defender;<br>The Honorable J. Gregory Hembree, Solicitor, | |
| Defendants. | |

## INTRODUCTION

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  The plaintiff, Timothy Lavar VanDerHorst, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff is a pre-trial detainee at the Georgetown County Detention Center in Georgetown, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names several

employees of governmental entities as defendants.[1]  The plaintiff alleges that many of his constitutional rights have been violated by the defendants throughout the state criminal process against him which began on August 22, 2008.  Plaintiff seeks monetary damages and injunctive relief.  Having reviewed the Complaint in accordance with applicable law, the court concludes that each of the defendants, save two individuals, should be dismissed on the grounds of immunity, failure to state a claim upon which relief may be granted, or Younger abstention.[2]

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

---

[1]Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[2]An order entered contemporaneously with this report and recommendation authorizes service of process only upon Matthew Hoffer, a Georgetown police officer, and Gerald Sheperd Bone, a Georgetown police officer.



action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

From a liberal construction of the documents submitted by the plaintiff, which includes many exhibits, it appears that on August 22, 2008, defendants Matthew Hoffer and Gerald Sheperd Bone arrested the plaintiff without a warrant for assault and battery with intent to kill ("ABWIK"). It appears that Hoffer and Bone were employed with the City of Georgetown Police Department. Defendants Hoffer and Bone transported the plaintiff in an automobile to the Georgetown Memorial Hospital where a witness, Jimmy Graham, identified the plaintiff as having assaulted a victim.[3] The plaintiff alleges that Defendants Hoffer, Bone, and Church coerced Graham to wrongfully identify the plaintiff. The plaintiff was then transported to the detention center. It appears that on August 23, 2008, an arrest warrant for ABWIK was served on the plaintiff at the detention center.

The plaintiff seems to allege that on September 19, 2008, he was involved in a line-up that was "suggestive" and violated his constitutional rights. The "suggestive evidence" was created by "unknown members of the Georgetown Police Department." The plaintiff sues the Georgetown Police Department for deceitful conduct related to a due process violation.

On October 20, 2008, it appears that the plaintiff's scheduled preliminary hearing was cancelled due to his attorney's waiver of the preliminary hearing. The plaintiff alleges that he desires a preliminary hearing and that he did not consent to waive it. He sues the

---

[3]One of plaintiff's exhibits identifies the alleged victim as NFN Smith.



Municipal Judge, Robert H. O'Donnell, and his attorney, Walter C. Castro, for their involvement with the cancellation of his hearing.

The plaintiff alleges that defendant Alma Y. White, the Clerk of Court for Georgetown County, violated his constitutional right to effective assistance of counsel. It appears that the Clerk of Court's Office was involved in appointing attorneys Stuart Axelrod and Walter Castro to represent the plaintiff. Also, after the plaintiff requested new counsel, defendant White wrote a letter to the plaintiff explaining that a judge had to relieve counsel and appoint new counsel.

The plaintiff alleges that he is incarcerated on the ABWIK charge but that he has not yet been indicted on that charge. He claims that he is being falsely imprisoned, and he sues Defendant Hembree, the Solicitor, for his failure to indict him or release him. The plaintiff also sues Georgetown County for malicious prosecution and "negligence in prosecution."

The plaintiff seeks $500,000.00 compensatory and $600,000.00 punitive damages. The plaintiff also seeks injunctive relief in the form of an order that the defendants give the plaintiff a preliminary hearing, indict him, or release him. The plaintiff included a proposed order for this court to sign which would enter a "temporary retraining order" enjoining the defendants from continuing the plaintiff's alleged false imprisonment.[4]

### DISCUSSION

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

---

[4]Under Heck v. Humphrey, 512 U.S. 477 (1994), "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." To seek immediate release from custody, the plaintiff must file a habeas corpus petition.



conferred.'" <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." <u>City of Monterey v. Del Monte Dunes at Monterey, Ltd.</u>, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

## I.    Immunity

Defendants Robert O'Donnell, Alma Y. White, J. Gregory Hembree, and the State of South Carolina should be summarily dismissed from this action because they are immune from suit.  O'Donnell is alleged to be a Georgetown Municipal Judge.  Judges have absolute immunity from a claim for damages arising out of their judicial actions.  <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9 (1991); <u>Stump v. Sparkman</u>, 435 U.S. 349, 351-364 (1978); <u>Pressly v. Gregory</u>, 831 F.2d 514, 517 (4th Cir. 1987) (dismissing a suit against two Virginia magistrates); and <u>Chu v. Griffith</u>, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").  State and federal judges are also immune to requests for injunctive relief.  <u>See</u> <u>Gilbert v. Ferry</u>, 298 F. Supp. 2d 606, 612 (E.D. Mich. 2003), <u>aff'd</u>, 401 F.3d 411 (6th Cir. 2005); <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000); <u>see also</u> 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer).  Immunity presents a threshold question.  <u>See</u> <u>Harlow v. Fitzgerald</u>, 475 U.S. 800, 818 (1982).  Absolute  immunity is "an immunity from suit rather than a mere defense to



liability." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985).  Defendant O'Donnell should be dismissed because the plaintiff's allegations that he did not provide the plaintiff with a preliminary hearing are within O'Donnell's performance of duty in his judicial capacity.

The Clerk of Court for Georgetown County, Alma Y. White, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." <u>Lockhart v. Hoenstine</u>, 411 F.2d 455, 460 (3d Cir. 1969).  "The clerks of court are also entitled to immunity the same as judges when performing their duties." <u>Zimmerman v. Spears</u>, 428 F. Supp. 759, 762 (D. Tex. 1977), <u>aff'd</u>, 565 F.2d 310 (5th Cir. 1977); <u>Davis v. Quarter Sessions Court</u>, 361 F. Supp. 720, 722 (E.D.Pa.1973).  The doctrine of absolute judicial immunity has been made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, . . . and other judicial adjuncts[.]'" <u>Kincaid v. Vail</u>, 969 F.2d 594, 601 (7th Cir. 1992). Defendant White's alleged acts of appointing counsel to represent the plaintiff and writing the plaintiff a letter to explain that a judge had to relieve counsel and appoint new counsel were actions within a clerk's responsibilities; therefore, White should be summarily dismissed.

Defendant "The Honorable J. Gregory Hembree, Solicitor" should also be summarily dismissed from this action based upon prosecutorial immunity.  In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors.  Solicitors are elected by voters of a judicial circuit.  <u>See</u> S.C. CONST. art. V, § 24; S.C. Code Ann. § 1-7-310 (1976). Prosecutors, including defendant Hembree, have absolute immunity for activities



performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process.  See Van de Kamp v. Goldstein, 129 S. Ct. 855, 860-62 (2009).  For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts criminal trials, bond hearings, grand jury proceedings, and pre-trial motions hearings, absolute immunity applies.  Id.; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993).  Defendant Hembree's alleged conduct of failure to bring an indictment against the plaintiff or release him is closely related to the judicial process. Therefore, he has absolute immunity from suit.  See Mitchell, 472 U.S. at 526 (holding that absolute immunity "is an immunity from suit rather than a mere defense to liability").

The State of South Carolina should also be summarily dismissed from this action pursuant to the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.,  535 U.S. 743, 747 (2002); Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356 (2001); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (holding that although the express language of the Eleventh Amendment only forbids suits by citizens of other States against a State, the Eleventh Amendment bars suits against a State filed by its own citizens).  Under Pennhurst State School & Hospital, a state must expressly consent to suit



in a federal district court.  Id.  The State of South Carolina has not consented to suit in a federal court.    See S.C. Code Ann. § 15-78-20(e) (1976) (expressly providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

## II.    State Action

Defendant Castro, an appointed attorney for the plaintiff, should be summarily dismissed from this action because he did not act under color of state law.  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  See Vermont v. Brillon, 129 S. Ct. 1283, 1291 (2009) (assigned counsel);  Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney).  Because attorney Castro has not acted under color of state law, the plaintiff fails to state a cognizable claim against him under 42 U.S.C. § 1983.

## III.    Failure to State a Claim

The plaintiff fails to state a claim upon which relief can be granted as to Defendants Scogins, Lynn, Cribb, Tisdale, and Kufen.  This court cannot glean any factual allegations against them.  Although the court must liberally construe the *pro se* complaint, the plaintiff must do more than make mere conclusory statements to state a claim.  Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim); Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995).  While the plaintiff is not required to plead facts sufficient to prove his



case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief.  Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

The complaint similarly fails to state a claim upon which relief may be granted as to Defendant Georgetown City Police Department.  The Georgetown City Police Department is not a "person" subject to suit in a § 1983 civil rights action.  To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law."  See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).  It is well settled that a defendant in a § 1983 action must qualify as a "person."  However, a local police department is an instrumentality of a municipality—not an independent entity—and thus not a "person" within the meaning of §1983.  Terrell v. City of Harrisburg Police Dep't, 549 F. Supp. 2d 671 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not "persons" amenable to suit under § 1983."); Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008) ("[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."); Buchanan v. Williams, 434 F. Supp. 2d 521, 529 (M.D. Tenn. 2006) (concluding that "police departments are not 'bodies politic'" and therefore are not persons subject to action under § 1983).  Therefore, Defendant Georgetown City Police Department should be summarily dismissed from this action without prejudice and without service of process.

Moreover, Defendants Georgetown County and the City of Georgetown cannot be liable pursuant to respondeat superior principles.  See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) ("[M]unicipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship.") (citing Monell, 436 U.S. at 692-94).  A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury.  Bd. of County Comm'rs v. Brown, 520 U.S. 397 (1997); see also McMillian v. Monroe County, Alabama, 520 U.S. 781 (1997) ("If the sheriff's actions constitute county 'policy,' then the county is liable for them."); Knight v. Vernon, 214 F.3d 544, 552-53 (4th Cir. 2000).  The plaintiff further alleges that Georgetown County has committed "negligence in prosecution." However, the Due Process Clause is not implicated by "a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  Daniels v. Williams, 474 U.S. 327, 328 (1986).  As the plaintiff has alleged no actionable conduct by Georgetown County or the City of Georgetown, nor identified any actionable policy or custom, those defendants should be summarily dismissed.

## IV.   Younger Abstention

The plaintiff's claims against Defendant Church, a Georgetown police officer, are subject to summary dismissal based upon the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37 (1971).  In Younger, the Supreme Court held that a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances.  Id. at 43-44.  Further, a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of



circumstances." <u>Gilliam v. Foster</u>, 75 F.3d 881, 903 (4th Cir. 1996).   The <u>Younger</u> Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  <u>Younger</u>, 401 U.S. at 43-44.  From <u>Younger</u> and its progeny, the United States Court of Appeals for the Fourth Circuit has developed the following test to determine when abstention is appropriate:  "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  <u>Martin Marietta Corp. v. Maryland Comm'n on Human Relations</u>, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing <u>Middlesex County Ethics Comm'n v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982)).  The United States Supreme Court has stated that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986).  Moreover, "'ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'"  <u>Gilliam v. Foster</u>, 75 F.3d 881, 903 (4th Cir. 1996) (quoting <u>Kugler v. Helfant</u>, 421 U.S. 117, 124 (1975)).

The plaintiff's claims against Church, Scogins, Lynn, Cribb, Tisdale, Kufen, and the Georgetown Police Department would have this court interfere with the pending criminal charge against him.  Under <u>Younger</u>, this court should abstain from interfering with pending state criminal proceedings.  <u>See</u> <u>Younger</u>, 401 U.S. at 43-44.  In this case, plaintiff is clearly involved in an ongoing state criminal proceeding.  Moreover, at this time there is no indication that the Plaintiff cannot vindicate his federal constitutional rights in state court. The plaintiff can seek to be indicted or released in state court.  Also, the plaintiff can seek



to suppress the alleged suggestive line-up in state court.  Therefore, it is appropriate and recommended that this court abstain on the plaintiff's § 1983 claims, including the plaintiff's request for a temporary restraining order or injunctive relief.

## RECOMMENDATION

Accordingly, the court recommends that the portions of the complaint against Defendants State of South Carolina, City of Georgetown, Georgetown County, Georgetown Police Department, Scott Scogins, NFN Church, Aaron Lynn, Blair Cribb, Willie Tisdale, NFN Kufen, Robert H. O'Donnell, Alma Y. White, Walter C. Castro, and The Honorable J. Gregory Hembree, in the above-captioned case be dismissed without prejudice and without issuance and service of process.  See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 15, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).