IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2009 MAY 29  A 9: 25

| | |
|---|---|
| Timothy Lavar VanDerHorst, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>State of South Carolina; City of )<br>Georgetown; Georgetown County; )<br>Georgetown Police Department; )<br>Matthew Hoffer, a Georgetown police )<br>officer; Gerald Sheperd Bone, a )<br>Georgetown police officer; Scott )<br>Scogins, a Georgetown police officer; )<br>NFN Church, Sgt., a Georgetown )<br>police officer; Aaron Lynn, a )<br>Georgetown police officer; Blair Cribb, )<br>a Georgetown police officer; Willie )<br>Tisdale, a Georgetown police officer; )<br>NFN Kufen, Investigator with the )<br>Georgetown Police Department; )<br>Robert O'Donnell, Georgetown )<br>Municipal Judge; Alma Y. White, )<br>Clerk of Court; Walter C. Castro, )<br>Public Defender; The Honorable )<br>J. Gregory Hembree, Solicitor, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 0:09-706-SB<br><br>**ORDER** |



This matter is before the Court upon the Plaintiff's *pro se* complaint, which alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1). In the R&R, the Magistrate Judge recommends that the Court summarily dismiss all of the Defendants except for Georgetown police officers Matthew Hoffer ("Hoffer") and Gerald Sheperd Bone ("Bone") based on immunity, failure to state a claim upon which relief may be granted, and/or

Younger abstention. The Plaintiff filed timely objections to the R&R, and the matter is ripe for review.

## STANDARD OF REVIEW

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for such objection. Id.

## DISCUSSION

The Plaintiff is a pre-trial detainee at the Georgetown County Detention Center in Georgetown, South Carolina. In his complaint, he alleges that the Defendants violated his constitutional rights by, *inter alia*, restricting his liberty of movement; conducting an unreasonable search and seizure; arresting him without a warrant; using excessive force; subjecting him to cruel and unusual punishment; coercing a sworn statement; and engaging in deceitful conduct.

Apparently, on August 22, 2008, Defendants Hoffer and Bone arrested the Plaintiff without a warrant for assault and battery with intent to kill. Hoffer and Bone transported the Plaintiff to the Georgetown Memorial Hospital, where a witness, Jimmy Graham, identified the Plaintiff as having assaulted a victim. The Plaintiff alleges that Hoffer, Bone, and Church coerced the witness to falsely identify him. An arrest warrant was served on the Plaintiff on August 23, 2008.

According to the Plaintiff, "suggestive evidence" in connection to a lineup held on

September 19, 2008, was created by "unknown members of the Georgetown Police Department." Also, the Plaintiff alleges that he did not consent to waive his preliminary hearing, which was scheduled for October 18, 2008, but was waived by his attorney. The Plaintiff charges the Municipal Judge and his attorney with their involvement in the cancellation of his hearing.

Next, the Plaintiff alleges that the Georgetown County Clerk of Court violated his constitutional right to effective assistance of counsel when she appointed attorneys Stuart Axelrod and Walter Castro to represent him. The Plaintiff further alleges that he is incarcerated on the assault and battery charge but that he has not yet been indicted. He claims that he is being falsely imprisoned, and he names the Solicitor in his complaint based on his failure to be indicted. In all, the Plaintiff seeks $500,000.00 in compensatory damages and $600,000.00 in punitive damages. He also seeks injunctive relief in the form of an order that the Defendants grant him a preliminary hearing, indict him, or release him.

After a review of the Plaintiff's complaint, the Magistrate Judge authorized service of process upon Hoffer and Bone but filed an R&R recommending that the Court dismiss all of the other Defendants. First, the Magistrate Judge determined that the Municipal Judge, Robert O'Donnell; the Clerk of Court, Alma Y. White; the Solicitor, J. Gregory Hembree; and the State of South Carolina should be summarily dismissed based on immunity. Next, the Magistrate Judge determined that the attorney appointed to represent the Plaintiff, Walter C. Castro, should be summarily dismissed because he did not act under color of state law. With respect to Defendants Scott Scogins, Aaron Lynn, Blair Cribb, Willien Tisdale (all Georgetown police officers), and NFN Kufen (an investigator with the Georgetown Police Department), the Magistrate Judge determined that the Plaintiff



failed to allege facts to support a claim for relief. In addition, with respect to the Georgetown Police Department, the Magistrate Judge determined that it was not a "person" subject to suit in a § 1983 civil rights action. With respect to Defendants Georgetown County and the City of Georgetown, the Magistrate Judge determined that they could not be liable pursuant to *respondeat superior* principles. Finally, the Magistrate Judge recommended that the Court dismiss the Plaintiff's claims against Defendant Church (as well as Defendants Scogins, Lynn, Cribb, Tisdale, and Kufen) based upon the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), as the suit against these Defendants would interfere with the pending criminal charge against the Plaintiff.



The Plaintiff filed written objections to the R&R; however, rather than specifically object to the Magistrate Judge's findings, the Plaintiff simply rehashes his arguments against the Defendants and asserts that the Defendants have violated his constitutional rights. Because he does not point to any factual or legal error in the R&R, the Court finds that the Plaintiff has failed to sufficiently object to the Magistrate Judge's recommendation that the Court dismiss certain of the Defendants based on immunity, failure to state a claim, and/or Younger abstention. Furthermore, after a review of the record, including the R&R and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R as the order of the Court.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R (Entry #10) is adopted, and the

4

Plaintiff's objections (Entry # 12) are overruled. In accordance with the R&R, Defendants State of South Carolina, City of Georgetown, Georgetown County, Georgetown Police Department, Scogins, Church, Lynn, Cribb, Tisdale, Kufen, O'Donnell, White, Castro, and Hembree are hereby dismissed without prejudice and without issuance and service of process. The case is remanded to the Magistrate Judge for further proceedings against Defendants Hoffer and Bone.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May 27, 2009
Charleston, South Carolina

#5