| | |
|---|---|
| Timothy Lavar VanDerHorst, ) | C/A No. 0:09-706-SB-PJG |
| Plaintiff, ) | **ORDER AND** |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Matthew Hoffer and Gerald Shepherd Bone, ) | |
| Defendants. ) | |

The plaintiff, Timothy VanDerHorst, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the defendants, Matthew Hoffer and Gerald Shepherd Bone, who at the time of the incident giving rise to this action were an officer and a sergeant, respectively, with the City of Georgetown Police Department. VanDerHorst seeks monetary damages and declaratory relief based on his claims that Hoffer and Bone violated his civil rights under the Fourth, Fifth, Fourteenth, and Eighth Amendments to the United States Constitution. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment.[1] (Docket Entry 35.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised VanDerHorst of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the

---

[1] Also pending before the court is VanDerHorst's motion to amend his Complaint. VanDerHorst seeks to add unknown members of the Georgetown Police Department as defendants and increase his monetary request for relief. Leave to amend a pleading should be denied when the amendment would be futile. See Foman v. Davis, 371 U.S. 178 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986). The court observes that these amendments would be futile based on the fact that the proposed claims do not meet the applicable pleading standard, see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions") and in light of the court's recommendations on the defendants' motion for summary judgment. Therefore, VanDerHorst's motion is denied. (Docket Entry 29.)

defendants' motion. (Docket Entry 36.) VanDerHorst filed a declaration in response to the defendants' motion. (Docket Entry 40.) Having carefully considered the parties' submissions and the record in this case, the court finds that the defendants' motion should be granted.

## BACKGROUND

The following facts appear to be undisputed. On August 22, 2008, the defendants responded to a report of an assault at 1917 Legion Street in Georgetown, South Carolina. (Compl., Ex. A, Docket Entry 1-1 at 2; Hoffer Aff. ¶ 3, Docket Entry 35-2 at 1; Bone Aff. ¶ 3, Docket Entry 35-3 at 1.) The victim was bleeding from the forehead after being struck with a hammer. (Bone Aff. ¶ 4, Docket Entry 35-3 at 1.) The victim, John Smith, and a witness, Jimmy Graham, described the assailant. (Id.) Another officer informed the defendants that an individual matching that description—VanDerHorst—was approaching the scene on foot. (Compl., Ex. A, Docket Entry 1-1 at 1, 2; Hoffer Aff. ¶ 5, Docket Entry 35-2 at 1; Bone Aff. ¶ 6; Docket Entry 35-3 at 2.) The defendants detained VanDerHorst and directed him to kneel on the ground and place his hands above his head to be handcuffed. (Compl., Ex. A, Docket Entry 1-1 at 1, 2; Hoffer Aff. ¶ 6, Docket Entry 35-2 at 1; Bone Aff. ¶ 6, Docket Entry 35-3 at 2.) They then read VanDerHorst his Miranda rights, and, with VanDerHorst's consent, transported him to the hospital where Smith had been taken. (Compl., Ex. A, Docket Entry 1-1 at 1, 2; Hoffer Aff. ¶¶ 6-7, Docket Entry 35-2 at 1-2; Bone Aff. ¶¶ 6-7, Docket Entry 35-3 at 2.) At the hospital, Graham identified VanDerHorst as Smith's assailant. The defendants then arrested VanDerHorst. (Compl., Ex. A, Docket Entry 1-1 at 1, 2; Hoffer Aff. ¶ 8, Docket Entry 35-2 at 1; Bone Aff. ¶ 7, Docket Entry 35-3 at 2.) VanDerHorst now asserts that the defendants violated his constitutional rights by "restricting his liberty of movement," conducting an unreasonable search and seizure, arresting him without a warrant, using excessive

force and subjecting him to humiliation, and coercing a statement from Graham falsely identifying him as the perpetrator.[2] (Compl., Docket Entry 1 at 3-4.)

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while

---

[2] To the extent that the defendants' motion addresses other claims which they conjecture that VanDerHorst may be attempting to assert, the court finds that such claims do not meet the applicable pleading standard and are not properly before the court. See Iqbal, 129 S. Ct. at 1953 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Abstention and Ripeness**

As an initial matter, the defendants assert in their motion that the court should abstain from exercising jurisdiction under the doctrine of Younger v. Harris, 401 U.S. 37 (1971), because VanDerHorst's criminal prosecution is still pending. Additionally, they contend that the controversy is not ripe because VanDerHorst's claims depend on the outcome of the state criminal proceeding. The court need not address these arguments, however, as it appears that since the filing of the defendants' motion, the criminal charges against VanDerHorst have been dismissed. See http://court.georgetowncountysc.org/publicindex/ (insert plaintiff's name and then "search public index;" Case Number J536492) (last visited Feb. 15, 2010).[3]

**C.      Qualified Immunity**

The defendants also assert that they are entitled to qualified immunity. The court agrees. Qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or

---

[3] The court may take judicial notice of factual information located in postings on government websites. See Williams v. Long, 585 F.Supp. 2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating); In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

PJG

constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"). To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct. Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009). Courts may address the two prongs of the qualified immunity analysis in whichever order is appropriate in light of the circumstances of the particular case at hand. Id. at 818 , 821.

VanDerHorst's allegations, taken in the light most favorable to him, do not establish that the defendants violated his constitutional rights. First, although he was arrested without a warrant, there was clearly probable cause to do so. See United States v. Dickey-Bey, 393 F.3d 449, 453 (4th Cir. 2004) (noting that a police officer may lawfully arrest an individual in a public place without a warrant if the officer has probable cause to believe that the individual has committed, is committing, or is about to commit a crime). He was identified near the scene of the crime as matching the physical description provided by the victim and a witness, and he was subsequently identified by the witness as the assailant. The totality of the circumstances show that the defendants had probable cause to arrest VanDerHorst without a warrant.

Next, while VanDerHorst alleges that the officers violated his Eighth Amendment rights, a claim that a law enforcement officer has used excessive force during an arrest, investigatory stop, or other seizure of a person is properly analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. Graham v. Connor, 490 U.S. 386, 395 (1989); Yarborough v. Montgomery, 554 F. Supp. 2d 611, 617 (D.S.C. 2008). Again taking the facts in the

light most favorable to VanDerHorst, his allegations do not establish that the defendants used excessive force in violation of the Fourth Amendment. The Fourth Amendment test is an objective one; however, it is not capable of precise definition or mechanical application. Graham, 490 U.S. at 396-97; Yarborough, 554 F. Supp. 2d at 617. It requires the court to determine "whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397; Yarborough, 554 F. Supp. 2d at 617. The court must balance " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the importance of the governmental interest alleged to justify the intrusion." Yarborough, 554 F. Supp. 2d at 617 (quoting Graham, 490 U.S. at 396). The test recognizes that "the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396; Yarborough, 554 F. Supp. 2d at 617.

Here, there is no evidence in the record that the defendants used force on VanDerHorst at all; all the evidence shows is that they directed him to kneel and place his hands above his head to be handcuffed, and that VanDerHorst complied. The employment of handcuffs to secure a suspect, without more, is clearly not a violation of the Fourth Amendment's reasonableness standard. VanDerHorst's claim that he suffered "humiliation" as a result is not compensable under § 1983. See 42 U.S.C. § 1997e(e) (requiring that a prisoner suffer physical injury to obtain damages).

Finally, taken in the light most favorable to VanDerHorst, his unsupported allegation that the defendants "coerced" Graham into identifying VanDerHorst as the perpetrator fails to meet his burden to oppose summary judgment. VanDerHorst has alleged no facts supporting this claim other than that he was handcuffed at the time Graham made the identification at the hospital. This is insufficient to establish a violation of his due process rights. See, e.g., Hensley v. Carey, 818 F.2d

646, 649-50 (7th Cir. 1987) (holding that the constitutional rights of an arrestee, who was never tried, could not be violated simply by subjecting him to an allegedly unduly suggestive line-up and noting that procedural safeguards on line-ups protected only against admission of unreliable evidence at trial and did not establish right to impartial line-up as long as evidence gained through line-up was not used at trial); Williams v. Hutchens, 870 F. Supp. 857, 863 (N.D. Ill. 1994) (holding that an arrestee could not maintain a § 1983 action alleging a violation of due process from show-up identification procedure used by officer, absent any allegation that evidence derived from identification prejudiced the arrestee's right to fair trial). Moreover, the court observes that VanDerHorst has failed to provide any argument or evidence in response to defendants' motion for summary judgment on this claim. See Anderson, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to survive a properly supported motion for summary judgment]."); Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008) (stating that once a properly supported motion for summary judgment has been filed "the burden shifts to the nonmoving party to show that there are genuine issues of material fact" and the nonmoving party "may not rest upon mere allegations or denials of his pleading, but must come forward with specific facts showing that there is a genuine issue for trial") (internal citations and quotations omitted); see also Fed. R. Civ. P. 56(e)(2).

## RECOMMENDATION

VanDerHorst's allegations fail to show that the defendants violated his constitutional rights. Accordingly, the court finds that the defendants are entitled to qualified immunity. See Harlow, 457 U.S. at 818. The court therefore recommends that the defendants' motion for summary judgment (Docket Entry 35) be granted.

**ORDER**

Further, based on the foregoing, it is hereby

**ORDERED** that VanDerHorst's motion to amend (Docket Entry 29) is denied.  See Foman, 371 U.S. 178; Iqbal, 129 S. Ct. at 1953.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 16, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).